**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN W. NEFF,<br><br>          Petitioner,<br><br>     vs.<br><br>WARDEN WOFFORD,<br><br>          Respondent. | ) Case No. CV 13-8460-AB (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>) |

   The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. The R&R was prepared by a previously assigned Magistrate Judge. On August 3, 2015, Petitioner filed objections to the R&R, in which he mostly repeats arguments from the Petition and Reply.

   Petitioner asserts that the Magistrate Judge "misconstrues [his] principal claim of Double Jeopardy" (Objections at 4) and that the R&R is "non-responsive" to his actual claim (id. at 7-8). He seems to argue that because the jury in his first trial could not reach a verdict on rape, which, the jury was instructed, involved penetration by a penis, and separately

considered and convicted him of attempted sexual penetration by a foreign (not an unknown) object, which necessarily excluded a penis, double jeopardy prevented him from being tried in his second trial for attempted sexual penetration by an unknown object. (See id. at 1-3, 6-10.)

But as the state court of appeal (Lodged Doc. 4 at 8) and Magistrate Judge (R&R at 14) both noted, attempted sexual penetration by a foreign object and attempted sexual penetration by an unknown object are not two different offenses; the penetration may be attempted by either "any foreign object . . . or by any unknown object," Cal. Penal Code § 289(k)(1). And even assuming the "foreign object" jury instructions at the first trial defined a different offense, that offense would not qualify as a lesser-included offense of rape by penis because rape would not include all the statutory elements of attempted sexual penetration; the latter would encompass only attempted penetration by objects other than a penis, according to Petitioner's theory. See People v. Bailey, 54 Cal. 4th 740, 748 (2012) (offense is necessarily included within another offense under "elements test" if "the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater"). Thus, Petitioner's argument that his implied acquittal of rape barred retrial of attempted sexual penetration because the latter was a lesser-included offense is unavailing.

Moreover, as the court of appeal (Lodged Doc. 4 at 6) and Magistrate Judge (R&R at 13) noted, the Double Jeopardy Clause

does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings, see <u>Lockhart v. Nelson</u>, 488 U.S. 33, 38 (1988), which was the case here: Petitioner was retried after he successfully moved for a new trial based on instructional error. Thus, Petitioner's reliance on <u>Yeager v. United States</u>, 557 U.S. 110 (2009) (Objections at 4-5, 9-10), does not help him.

Having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge. IT IS ORDERED that the Petition is denied and Judgment be entered dismissing this action with prejudice.

DATED: October 19, 2015

ANDRÉ BIROTTE JR.
U.S. DISTRICT JUDGE